

FILED
Dec 09 2025, 9:51 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



I N T H E

# Court of Appeals of Indiana

Zaccheus Ward,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

December 9, 2025

Court of Appeals Case No.
25A-CR-1170

Appeal from the Marion Superior Court

The Honorable Jose D. Salinas, Judge
The Honorable John M. Christ, Magistrate

Trial Court Cause Nos.
49D23-2405-CM-14939
49D23-2502-F6-3823

**Opinion by Judge Vaidik**
Judges Mathias and Pyle concur.

**Vaidik, Judge.**

# Case Summary

After assaulting his girlfriend, taking her phone and ending her 911 call, and then fleeing with the phone, Zaccheus Ward was convicted of domestic battery, interference with the reporting of a crime, and theft. On appeal, Ward argues that his convictions for interference with the reporting of a crime and theft were based on the same conduct and therefore constitute double jeopardy. We disagree and affirm, concluding that ending the 911 call and then leaving with the phone were two separate criminal acts.

# Facts and Procedural History

On February 3, 2025, Ward battered his girlfriend, E.W., at their apartment. When E.W. called 911, Ward took her phone and ended the call. Ward threw E.W. onto a bed, slapped her several times, punched her in the chest, and said, "[N]ow, try calling the police again b**** without a phone[.]" Tr. Vol. 2 pp. 207-08. He then left the apartment with the phone. After Ward left, E.W. borrowed a phone and called 911 again.

The State charged Ward with Level 6 felony domestic battery (elevated from a Class A misdemeanor based on a prior battery conviction), Class A

misdemeanor battery resulting in bodily injury, Level 6 felony theft (elevated from a Class A misdemeanor based on prior convictions for auto theft and criminal conversion), and Class A misdemeanor interference with the reporting of a crime. After a jury trial, Ward was found guilty as charged. The trial court entered convictions for domestic battery, theft, and interference with the reporting of a crime but not on the battery count due to double-jeopardy concerns. The court sentenced Ward to 910 days with 730 days to serve and 180 days suspended to probation.

[4] Ward now appeals.

## Discussion and Decision

[5] Ward contends that his convictions for Level 6 felony theft and Class A misdemeanor interference with the reporting of a crime constitute double jeopardy. We apply a three-step test to determine whether convictions under two statutes constitute double jeopardy. At the first step, we look to whether either statute clearly permits multiple punishment, either expressly or by unmistakable implication. *A.W. v. State*, 229 N.E.3d 1060, 1066 (Ind. 2024). If so, there is no double jeopardy and the inquiry comes to an end. *Id.* If not, we move to the second step. *Id.* At the second step, we determine whether either offense is included in the other, either inherently or as charged. *Id.* at 1066-67. If not, there is no double jeopardy and the inquiry comes to an end. *Id.* at 1067. If so, or if the charging information is ambiguous in this regard, we move to the third step. *Id.* at 1067-71. At the third step, we examine the evidence and

arguments presented at trial to determine whether the defendant's actions were so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction. *Id.* at 1070-71. If the evidence and arguments reveal two separate offenses, there is no double jeopardy. *Id.* at 1071. If they reveal a "single continuous crime," only one conviction is allowed. *Id.*

[6]     Here, as to the first step, the parties agree that neither the theft statute (Ind. Code § 35-43-4-2) nor the interference statute (I.C. § 35-45-2-5) clearly permits multiple punishment, either expressly or by unmistakable implication. So we move to the second step.

[7]     At the second step, Ward doesn't contend that theft is inherently included in interference with the reporting of a crime, or vice versa. Rather, he argues that the charging information was ambiguous as to whether the theft was included in the interference. As to theft, the charging information provided:

> On or about February 3, 2025, ZACCHEUS WARD did knowingly exert unauthorized control over the property of [E.W.], to-wit: a cell phone, with the intent to deprive [E.W.] of any part of the use or value of the property[.]

Appellant's App. Vol. 2 p. 26. As to interference with the reporting of a crime, the charging information provided:

> On or about February 3, 2025, ZACCHEUS WARD did knowingly interfere with [E.W.] using a 911 emergency telephone system[.]

*Id.* at 27. The State essentially concedes that the charging information was ambiguous as to whether the theft was included in the interference, *see* Appellee's Br. p. 10, but we need not decide this issue. Even if the charging information was ambiguous in this regard, Ward's double-jeopardy claim fails at step three.

[8] As to the third step, Ward argues that his actions with E.W.'s phone were so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction. We disagree. Ward first took E.W.'s phone and ended her 911 call. At that point, the offense of interference with the reporting of a crime was complete. He then made the decision to keep the phone and leave with it. That act of theft was subsequent to and separate from the act of interference. Therefore, the convictions for both offenses do not constitute double jeopardy.

[9] Affirmed.

Mathias, J., and Pyle, J., concur.

ATTORNEY FOR APPELLANT

Carter Gallagher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana